S:\FILES\4514_INDAMEX_GODAVARI\4514COMPLAINT.DOC

KENNEDY LILLIS SCHMIDT & ENGLISH
THOMAS M. GRASSO (TG3737)
75 Maiden Lane - Suite 402
New York, N.Y. 10038-4816
Telephone: 212-430-0800
Telecopier: 212-430-0810
Attorneys for Plaintiff



**05 CV 3598**

JUDGE STEIN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE TOKIO MARINE & FIRE INSURANCE GROUP, | |
| Plaintiff, | 05 Civ. ( ) |
| - v. - | **COMPLAINT** |
| M/V INDAMEX GODAVARI her engines, tackle, apparel, etc, <u>in rem</u>, and THE SHIPPING CORPORATION OF INDIA, LTD., <u>in personam</u>, | |
| Defendants. | |

Plaintiff by its attorneys, Kennedy Lillis Schmidt & English, allege upon information and belief, as follows:

FIRST: All and singular the following premises are true and constitute an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court.

1

SECOND: At and during all the times hereinafter mentioned plaintiff had and now has the legal status and principal office and place of business stated in Schedules A, hereto annexed and by this reference made a part hereof.

THIRD: At and during all the time hereinafter mentioned defendants had and now have the legal status and offices and places of business stated in Schedules A, and were and now are engaged in business as common carriers of merchandise by water for hire, and owned, operated, managed, chartered and/or otherwise controlled the vessels above named as common carriers of merchandise by water for hire.

FOURTH: At and during all the times hereinafter mentioned, the said vessel was and now is a general ship employed in the common carriage of merchandise by water for hire, and now is or will be during the pendency of this action, within this District and within the jurisdiction of this Honorable Court.

FIFTH: On or about the date and at the port of shipment stated in Schedule A. there was shipped by the shippers therein named and delivered to defendants and the said vessel, as common carriers, the shipments described in Schedule A then being in good order and condition, and defendants and the said vessel then and there accepted said shipments so shipped and de-

2

livered to them, and in consideration of certain agreed freight charges thereupon paid or agreed to be paid, agreed to transport and carry the said shipments to the ports of destination stated in Schedule A, and there deliver the same in like good order and condition as when shipped, delivered to and received by them, to the consignees in Schedule A.

SIXTH: Thereafter, the said vessel arrived at the port of destination, where it and defendants failed to make delivery of the shipments described in Schedule A, all in violation of defendants' and the said vessel's obligations and duties as common carriers of merchandise by water for hire.

SEVENTH: Plaintiff is the subrogated underwriters of the shipper, consignee or owner of the shipments described in Schedule A and bring this action on their own behalf and as agents or trustees on behalf of and for the interest of all parties who may be or become interested in the said shipments, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

EIGHTH: By reason of the premises, plaintiff has sustained damages, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the sum of $4,676.94.

WHEREFORE, plaintiff prays:

1. That process in due form of law issue against defendants citing them to appear and answer all and singular the matters aforesaid;

2. That if defendants cannot be found within this District, then all their property within this District as shall be described in Schedule A, be attached in the sum of $4,676.94, with interest thereon and costs, the sum sued for in this complaint;

3. That judgment be entered in favor of plaintiff against defendants for the amount of plaintiffs' damages, together with interest and costs and the disbursements of this action;

4. That process in due form of law according to the practice of this Court in causes of admiralty and maritime claims, issue against said vessel, her engines, etc., and that all persons having or claiming any interest therein be cited to appear and answer under oath, all and singular the matters aforesaid, and that this Court pronounce judgment in favor of plaintiffs for their damages as aforesaid, with interest, costs and disbursements, and that the said vessel may be condemned and sold to pay therefor; and

5. That this Court grant to plaintiff such other and further relief as may be just and proper.

Dated:  New York, New York        KENNEDY LILLIS SCHMIDT & ENGLISH
        April 5, 2005             Attorneys for Plaintiff

                            By:   _____
                                  THOMAS M. GRASSO (TG 3737)
                                  75 Maiden Lane - Suite 402
                                  New York, New York  10038-4816
                                  Telephone:  212-430-0800

SCHEDULE A

PLAINTIFF'S LEGAL STATUS

Plaintiff, IFFCO-Tokio General Insurance Co. Ltd., is a foreign corporation with a registered office located at 34, Nehru Place, New Delhi 110019.

DEFENDANT'S LEGAL STATUS

Defendant, The Shipping Corporation of India, Ltd., is a corporation or other business entity organized and existing under, and by virtue of, the laws of India, with an office for the transaction of business c/o Kerr Norton Strachan Agency, 40 Cragwood Road, South Plainfield, New Jersey 07080.

DEFENDANT'S LEGAL STATUS

Defendant M/V Indamex Godavari was the carrying vessel of the cargo set forth in, and pursuant to, a contract of carriage as described below; at all relevant times, the said vessel was and is owned by a Government of India Enterprise, 248 Madame Cama Road, Mumbai, India, 400-021.

PARTICULARS OF CLAIM

Vessel: M/V Indamex Godavari

Voyage: 4111

Place of Acceptance: ICD Pithampur

1

Port of Loading: JNPT, India

Port of Discharge: Savannah

Place of Delivery Savannah

Bill of Lading: SCJU4IND000149

Issue Date of Bill of Lading: March 16, 2004

Shipper: Heg Limited

Consignee: To Order

Notify Party: Eagle Global Logistics/Lumber Transport

Cargo: Carbon Electrodes

Nature of Loss: Damage

Amount of Loss: $4,676.94

Kennedy Lillis Schmidt & English Reference: 4514